UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES JUDSON HOLBROOK**, <br><br> Petitioner, <br><br> v. <br><br> **BOB VASHAW**, <br><br> Respondent. | 2:20-cv-11327 <br><br> HON. TERRENCE G. BERG <br><br><br> **ORDER TRANSFERRING CASE TO SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)** |

This matter is before the Court on Petitioner Charles Judson Holbrook's *pro se* petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. Holbrook alleges that he was convicted of an unknown crime in Kent County Circuit Court and sentenced in 2010 to 15 to 40 years in prison. From the Court's independent research, it has learned that Holbrook was convicted of the following crimes: two counts of possessing child sexually abusive material, Mich. Comp. Laws §750.145c(4); two counts of allowing a child to engage in child sexually abusive activity, Mich. Comp. Laws §750. 145c(2); two counts of producing child sexually abusive material, Mich. Comp. Laws §750.145c(2); one count of accosting a child for immoral purposes, Mich. Comp. Laws § 750.145a; and one count of being a felon in possession of a firearm, Mich. Comp. Laws § 750.224f. *See People v. Holbrook*, No. 298869, 2011 WL 5064266, at *1

(Mich. Ct. App. Oct. 25, 2011) (unpublished).[1] The Michigan Court of Appeals affirmed Petitioner's convictions and in 2012 the Michigan Supreme Court denied him leave to appeal. *See id.; People v. Holbrook*, 817 N.W.2d 78 (Mich. 2012). On May 5, 2020, Holbrook filed the habeas petition now before the Court. Although the petition does not allege any specific grounds for relief, Petitioner asks the Court "to be concerned that [there] has been no crime." ECF No. 1, PageID.4 (Pet.).

## DISCUSSION

Petitioner has been a frequent litigator in federal court. In fact, he has filed so many habeas petitions challenging his convictions that the Honorable Laurie J. Michelson, United States District Judge, enjoined Holbrook from filing any more petitions in this district without first obtaining permission to do so from the presiding or chief judge, or authorization from the Sixth Circuit to file a successive habeas petition. *See Holbrook v. State of Michigan*, No. 20-cv-10205 (E.D. Mich. June 15, 2020). Judge Michelson, however, entered that order after Petitioner commenced this action. Accordingly, the Court proceeds to consider whether this Court has jurisdiction to entertain Holbrook's current application for the writ of habeas corpus.

The Sixth Circuit recently pointed out that "[t]he Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA') limits the authority of

---

[1] *See also* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=767925.

2

federal courts to grant relief to individuals who previously filed a habeas petition" in federal district court. *In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 661 (2018). Among other things, AEDPA "requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive' petition in district court." *Id.* (citing 28 U.S.C. § 2244(b) and *In re Stansell*, 828 F.3d 412, 414 (6th Cir. 2016)).

> AEDPA does not define the phrase "second or successive." However, courts generally apply the abuse of the writ doctrine to determine whether a petition is second or successive. *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006). "Under the abuse of the writ doctrine, a numerically second petition is 'second' when it raises a claim that could have been raised in the first petition but was not so raised, either due to deliberate abandonment or inexcusable neglect." *Id.* (citing *McCleskey v. Zant*, 499 U.S. 467, 489, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)).
>
> The United States Supreme Court has further explained that the phrase "second or successive" "must be interpreted with respect to the judgment challenged." *Magwood* [*v. Patterson*], 561 U.S. [320] at 332–33, 130 S.Ct. 2788 [(2010)] (citations omitted); *see Stansell*, 828 F.3d at 415. For example, a petition is not second or successive "[i]f an individual's petition is the first to challenge a particular state judgment." *Stansell*, 828 F.3d at 415 (citing *Magwood*, 561 U.S. at 331–33, 130 S.Ct. 2788); *see King v. Morgan*, 807 F.3d 154, 156–57 (6th Cir. 2015). Similarly, a petition is not second or successive when it raises a claim that was unripe for review when the first habeas petition was filed. *Panetti v. Quarterman*, 551 U.S. 930, 945–47, 127 S.Ct. 2842, 168 L.Ed.2d 662 (2007) (addressing a second habeas petition raising a *Ford*-based incompetency claim); *In re Jones*, 652 F.3d 603, 605–06 (6th

3

Cir. 2010) (addressing a second habeas petition raising an *ex post facto* claim regarding amendments to Michigan's parole system). A claim is unripe when "the events giving rise to the claim had not yet occurred." *Jones*, 652 F.3d at 605.

*Tibbetts,* 869 F.3d at 405–06. If a numerically second petition is "second or successive," and if it was filed in the district court without prior authorization from the appropriate court of appeals, the district court must transfer the petition to the court of appeals. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Holbrook's current habeas petition challenges his original state-court judgment. His contention that no crime occurred was ripe when he filed a habeas corpus petition in 2013. That 2013 petition challenged his convictions on grounds that the prosecution presented insufficient evidence to support his convictions for producing child sexually abusive materials and allowing a child to engage in sexually abusive activity. He also alleged in the 2013 petition that the trial court erroneously admitted certain items and testimony into evidence.

The Honorable Bernard A. Friedman, United States District Judge, denied the 2013 petition on the merits. *See Holbrook v. Rapelje*, 2:13-cv-13137 (E.D. Mich. Apr. 1, 2016). Consequently, Holbrook's current petition is a second or successive habeas corpus petition. *See In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (holding that because the petitioner's initial § 2254 petition was dismissed on the merits, the petitioner's current petition was a second or successive petition)); *see also White v.*

4

*Carter*, 27 F. App'x 312, 313 (6th Cir. 2001) ("A district court is not authorized to consider a second or successive petition for writ of habeas corpus, when the first habeas petition is decided on the merits, unless this court grants the petitioner leave to file the second or successive petition.").

Further, Holbrook has not obtained permission to file a second or successive habeas petition. This Court lacks jurisdiction to consider a second or successive habeas petition without pre-authorization from the appropriate court of appeals. *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016). Accordingly, the Court orders the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A) and *In re Sims*, 111 F.3d at 47.

**SO ORDERED.**

Dated: July 21, 2020        s/Terrence G. Berg
                            TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE